

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00794-CR

Oscar **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR1290
Honorable Michael E. Mery, Judge Presiding

Opinion by:　H. Todd McCray, Justice

Sitting:　　　Rebeca C. Martinez, Chief Justice
　　　　　　　Adrian A. Spears II, Justice
　　　　　　　H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

AFFIRMED

Appellant Oscar Martinez was indicted on two counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. *See* TEX. PENAL CODE § 21.11, § 22.021(a)(1)(B). A jury found Martinez guilty of all three counts, and the trial court sentenced him to thirty-seven years' imprisonment for each of the aggravated sexual assault of a child counts and seven years' imprisonment for the indecency with a child count. Martinez timely filed notice of appeal.

Martinez's court-appointed appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel confirms that he has reviewed the record and has determined that there are no arguable grounds to be advanced on Martinez's behalf. *See id*. at 744-45. With citations to the record and legal authority, counsel concludes that this appeal is without merit. *See id.*; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* in presenting a professional evaluation demonstrating why there is no basis to advance an appeal. *See id*.

Counsel has provided Martinez with copies of the brief, his motion to withdraw as counsel, and a motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). He has also informed Martinez of his right to review the record, file his own brief, and seek discretionary review should this court conclude his appeal is frivolous. *See id*. This court subsequently set a deadline for Martinez to file a pro se brief, and, on Martinez's request, provided him with a copy of the record. Martinez has filed a pro se brief. The State has waived briefing.

To ensure meaningful assistance of counsel when an *Anders* brief and a pro se brief are filed, the appellate court may not rule on the substantive merits of the issues raised by appellant in his pro se brief, nor any arguable grounds in the initial appeal. *Bledsoe v. State,* 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Only after any meritorious issues have been briefed by new counsel or by appellant following remand, may the court of appeals address the substantive merits of the issues raised. *Id.* On the other hand, if the appellate court, after conducting an independent review of the entire record and both briefs, determines that the appeal is frivolous, it may affirm the trial

court's judgment by issuing an opinion explaining that review of the record revealed no reversible error. *See id.* at 826–27.

We have reviewed the entire appellate record, the *Anders* brief, and Martinez's pro se brief, and have independently determined that there are no arguable grounds for appeal and that this appeal is frivolous and without merit. Therefore, we affirm the trial court's judgments of conviction and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Martinez wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.3, 68.4.

H. Todd McCray, Justice

DO NOT PUBLISH